

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed July 21, 2005

*[signature]*

United States Bankruptcy Judge

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DIVISION OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GADZOOKS, INC. | § | CASE NO. 04-31486-HDH-11 |
| | § | |
| Debtor | § | |
| | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING APPLICATION
TO APPROVE SEVERANCE PAYMENT FOR JERRY SZCZEPANSKI
<u>*NUNC PRO TUNC* TO APRIL 23, 2004</u>**

On July 6, 2005, the Court held a hearing on the Application to Approve Severance Payment for Jerry Szczepanski *Nunc Pro Tunc* to April 23, 2004 (the "Application") filed by Mr. Jerry Szczepanski ("Szczepanski"); and considered the Objection to Application to Approve Severance Payment for Jerry Szczepanski *Nunc Pro Tunc* to April 23, 2004 (the "Objection") filed by the Official Committee of Unsecured Creditors (the "Committee"). After consideration of the record of

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
APPLICATION TO APPROVE SEVERANCE PAYMENT FOR JERRY
SZCZEPANSKI *NUNC PRO TUNC* TO APRIL 23, 2004

Page 1 of 5

the July 6, 2005 hearing on the Application, the statements of counsel, and the other pleadings filed in this case; the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On April 1, 2004, the Debtor filed its Expedited Motion to Approve Key Employee Retention Plan and Severance Plan. On April 8, 2004, the Debtor filed its Amended Expedited Motion to approve Key Employee Retention Plan and Severance Plan. On April 16, 2004, the Debtor filed its Second Amended Expedited Motion to Approve Key Employee Retention Plan and Severance Plan (the "Second Amended Motion").

2. On April 23, 2004, the Court entered its Order Granting Second Amended Expedited Motion to Approve Key Employee Retention Plan and Severance Plan (the "KERP Order").

3. Through the Second Amended Motion, the Debtor requested severance payments for certain senior executives in the amount of six months of the key employee's normal salary. In connection with the Second Amended Motion, Szczepanski agreed to a reduced salary of $450,000.00.

4. At the hearing on the Second Amended Motion, counsel for the Debtor announced an agreement with counsel for the Committee that the Debtor would not ask the Court to consider the relief requested in the Second Amended Motion as to Szczepanski, but would instead prosecute the issue at a later date as part of a separate motion.

5. On April 5, 2005, Szczepanski filed the Application for Allowance and Payment of Severance Claim of Jerry Szczepanski as Administrative Expense and Alternative Motion to Clarify KERP Order (the "April Application"). On May 24, 2005, the Court entered its Order Regarding Szczepanski Severance Claim denying the relief sought in the April Application (the "May 24, 2005 Order"). In the May 24, 2005 Order, the Court found that counsel for the Debtor and the Committee

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING APPLICATION TO APPROVE SEVERANCE PAYMENT FOR JERRY SZCZEPANSKI *NUNC PRO TUNC* TO APRIL 23, 2004

Page 2 of 5

had previously "indicated that Mr. Szczepanski's severance could be addressed at a later date, after the Debtor had a few months in Chapter 11 showing its performance and increased viability during the reorganization process." May 24, 2005 Order at 3 (describing the Debtor's and the Committee's understanding as to Szczepanski's severance).

6. On June 7, 2005, Szczepanski filed the Application seeking *nunc pro tunc* approval of the unresolved portion of the Second Amended Motion, severance for Szczepanski commensurate with that provided other senior executives.

7. On June 23, 2005, the Committee filed its Objection. The Committee objected to the Application on three grounds:  a) the Application was barred by the doctrine of *res judicata*; b) Szczepanski lacked standing to seek the relief requested; and c) *nunc pro tunc* relief was improper.

8. On July 5, 2005, Szczepanski filed his Reply to the Objection.

9. The Debtor did not object to the Application.

10. Testimony demonstrated that, during his employment as chief executive officer, Szczepanski provided a benefit to the bankruptcy estates and the reorganization process. On March 31, 2005, the Debtor terminated Szczepanski without cause.

11. The Second Amended Motion contained an explicit request that Szczepanski be granted severance if he were terminated without cause. The Court has not heretofore considered the Szczepanski severance request in the Second Amended Motion and that part of the Second Amended Motion remains pending. Although the relief requested in the instant Application is unusual, the Court finds that exceptional circumstances gave rise to the form and timing of the relief requested. Testimony indicated that certain board members believed a severance payment had been approved in conjunction with the Second Amended Motion. The Court finds that had the members of the Board

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
APPLICATION TO APPROVE SEVERANCE PAYMENT FOR JERRY
SZCZEPANSKI *NUNC PRO TUNC* TO APRIL 23, 2004

Page 3 of 5

of Directors been aware that Szczepanski had been excluded from the prior order on the Second Amended Motion, they would have sought promptly thereafter approval of severance for Szczepanski.

12. Under the circumstances, a severance payment to Szczepanski of one half of his annual salary of $450,000 is reasonable.

## CONCLUSIONS OF LAW

A. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). This matter arises under title 11, and jurisdiction is vested in this Court to enter a final order by virtue of 28 U.S.C.§ 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and the Standing Order of Reference in this District. These Findings of Fact and Conclusions of Law are being entered under Bankruptcy Rules 7052 and 9014.

B. Notice was appropriate under all the circumstances and complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The opportunity for a hearing on these matters was full and adequate.

C. The Court's July 6, 2005 Order Regarding Application to Approve Szczepanski Severance Payment is incorporated herein by reference.

D. Section 363 of the Bankruptcy Code permits the Debtor to use property of the estate "other than in the ordinary course of business" after notice and a hearing. 11 U.S.C. § 363(b)(1). Transactions outside the ordinary course of business must be justified by sound business purposes. *In re Cont'l Air Lines, Inc*. 780 F.2d 1223, 1226 (5th Cir. 1986).

E. As a court of equity, the court may grant *nunc pro tunc* relief when exceptional circumstances are present. *In re Triangle Chems., Inc.*, 697 F.2d 1280, 1289 (5th Cir. 1983).

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING APPLICATION TO APPROVE SEVERANCE PAYMENT FOR JERRY SZCZEPANSKI *NUNC PRO TUNC* TO APRIL 23, 2004

Page 4 of 5

F. The testimony demonstrated that a sound business purpose existed justifying a severance payment to Szczepanski as requested in the Second Amended Motion that is commensurate with payments received by the Debtor's other senior executives.

G. Pursuant to the Second Amended Motion, Szczepanski is entitled to a severance payment in the amount of $225,000.00 as of April 23, 2004, which equals six months of Szczepanski's reduced salary of $450,000.00.

H. The requested *nunc pro tunc* relief is proper as the testimony adduced demonstrated that exceptional circumstances existed surrounding the omission of Szczepanski's severance from the relief granted under the Second Amended Motion.

I. To the extent that any provision designated herein as a Conclusion of Law is more properly characterized as a Finding of Fact, it is adopted as such and *vice versa*.

###END OF ORDER###

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING APPLICATION TO APPROVE SEVERANCE PAYMENT FOR JERRY SZCZEPANSKI *NUNC PRO TUNC* TO APRIL 23, 2004

Page 5 of 5